IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| KEY EQUIPMENT FINANCE INC., | ) |
| | ) |
|     Plaintiff/Counter- | ) |
|     Defendant, | ) |
| vs. | ) |
| | ) |
| POAG & McEWEN LIFESTYLE | ) |
| CENTERS, LLC; and PM | ) |
| LIFESTYLE SHOPPING CENTER, | ) |
| LLC, | ) |
| | ) No. 2:09-cv-02731-JPM-tmp |
|     Defendants/Counter- | ) |
|     Plaintiffs/Third- | ) |
|     Party Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| BLUEWAVE CONSULTING GROUP, | ) |
| PLC; and SAP AMERICA, INC., | ) |
| | ) |
|     Third-Party Defendants. | ) |

## ORDER GRANTING MOTION TO STRIKE JURY DEMAND

Before the Court is Plaintiff Key Equipment Finance, Inc.'s Motion to Strike Defendants Poag & McEwen Lifestyle Centers, LLC and PM Lifestyle Shopping Centers, LLC's Jury Demand (Docket Entry ("D.E.") 17), filed February 5, 2010. Defendants responded in opposition on February 22, 2010. (D.E. 25.) For the following reasons, Plaintiff's motion is GRANTED.

## I. Background

This matter arises out of a commercial dispute regarding computer equipment and software.  Plaintiff's Motion to Strike concerns the enforceability of contractual jury waiver provisions.  The following facts are undisputed for purposes of Plaintiff's motion.  Plaintiff and Defendants executed a Lease Agreement dated August 23, 2007 and a Loan and Security Agreement dated April 2, 2008, which contained provisions reading "LESSOR AND LESSEE BOTH EXPRESSLY WAIVE ALL RIGHT AND CLAIM TO A TRIAL BY JURY," and "LENDER AND BORROWER EXPRESSLY WAIVE ALL RIGHT AND CLAIM TO A TRIAL BY JURY," respectively.[1]  (Defs.' Resp. in Opp'n to Pl.'s Mot. to Strike Defs.' Jury Demand ("Defs.' Resp.") (D.E. 25) Ex. A–B.)  On November 10, 2009, the Plaintiff filed a complaint against the Defendants alleging breach of the Lease Agreement and the Loan and Security Agreement.

On December 9, 2009, the Court entered an Order extending the time for Defendants to respond to the Complaint until January 22, 2010.  On December 28, 2009, the Court issued a Notice of Setting that set a scheduling conference before the Magistrate Judge for January 21, 2010, the day before Defendants' deadline for responding to the Complaint.  The

---

[1]  Defendant Poag & McEwan Lifestyle Centers, LLC signed the Lease Agreement, while Defendant PM Lifestyle Shopping Centers, LLC signed the Loan and Security Agreement. The language of the jury waiver provisions in both agreements is essentially the same, however, and the parties have argued the motion similarly as to both waivers.

Court's Notice of Setting also required the parties to confer and submit a joint proposed scheduling order on January 19, 2010.

On the afternoon of January 18, 2010, Plaintiff's counsel emailed Defendants' counsel her initial draft of a proposed scheduling order.  On the morning of January 19, 2010, Defendants' counsel made proposed changes to Plaintiff's draft scheduling order and sent a redlined version to Plaintiff's counsel.  In that email, Defendants' counsel noted that he had changed the proposed order to reflect a jury trial, and that the redlined copy included that change.  Plaintiff's counsel then submitted the copy sent to her by Defendants' counsel to the Magistrate Judge on the afternoon of January 19, 2010.[2]

On January 20, 2010, the Magistrate Judge's judicial assistant emailed counsel of the parties, pointing out that the proposed order stated that a jury trial was requested. Because the Complaint did not request a jury trial and the Answer had not been filed at that point, the judicial assistant wanted to "double-check" about the request.  (Defs.' Resp. 2.) Defendants' counsel responded to this email, advising that "Defendants will be filing a responsive pleading that demands a jury trial . . . ."  (Defs.' Resp. 3.)  Plaintiff's counsel

---

[2] The exhibits submitted by Defendants' counsel do not include the attachment that Plaintiff's counsel forwarded to the Magistrate Judge, but the Order that was eventually entered does indicate a jury trial.

apparently did not respond immediately to either the judicial assistant's or Defendants' counsel's email.

On January 20, 2010, the Court entered a Scheduling Order specifying that the case would be set for a jury trial. On January 22, 2010, Defendants filed their Answer, Counterclaim, and Third-Party Complaint that demanded a jury trial, in conformity with Federal Rule of Civil Procedure 38. (D.E. 13.)

On February 2, 2010, in an email to Defendants' counsel, Plaintiff's counsel asserted for the first time that the Defendants had waived their rights to a jury trial and requested that Defendants voluntarily withdraw their jury demand as to all claims. Defendants disputed Plaintiff's assertion and declined to withdraw their jury demand. On February 5, 2010, Plaintiff filed the instant Motion to Strike Defendants' Jury Demand. On February 10, 2010, pursuant to the Scheduling Order, the Court entered an order setting the case for a jury trial on January 31, 2011. In its motion, Plaintiff seeks to assert the contractual jury waiver provisions to strike Defendants' jury demand. The validity of the waivers and Plaintiff's right to assert the waivers are at issue.

## II. Analysis

Plaintiff asserts that the contractual jury waivers provide grounds for granting its Motion to Strike Defendants' jury demand. Defendants make several arguments in opposition to

4

Plaintiff's Motion.  First, that they did not knowingly and voluntarily agree to the jury waiver provisions and that they therefore are not enforceable.  Second, that even if the waiver provisions are enforceable, Plaintiff waived its right to assert the waivers.  Third, that the scope of the waivers does not extend to Defendants' counterclaims sounding in tort against Plaintiff.  Fourth, that the scope of the waivers does not extend to Defendants' claims against third parties.  And fifth, that the Court can and should try the claims with an advisory jury pursuant to Federal Rule of Civil Procedure 39(c).  The Court will address each argument in turn.

### a. Enforceability of the Jury Waiver Provisions

The Court must first consider whether the jury trial waiver provisions are enforceable.

> The right to a jury trial is guaranteed by the United States Constitution. U.S. Const. amend. VII. It is well settled, however, that parties to a contract may waive this right by prior written agreement. K.M.C. Co., Inc. v. Irving Trust Co., 757 F.2d 752, 755 (6th Cir. 1985). A waiver must be knowing and voluntary to satisfy the federal standard for contractual waiver of the right to a jury trial. Id. at 756. In the Sixth Circuit, the party seeking to avoid a contractual waiver has the burden of showing that it was not made knowingly and voluntarily. Id. at 758.

In re S. Indust. Mech. Corp., 266 B.R. 827, 830 (W.D. Tenn. 2001).  Defendants claim that the waiver was not knowing and voluntary because the contractual waivers at issue were included "in fine print" in form agreements prepared by Plaintiff and

because various acts by Plaintiff show "that neither party was particularly aware of these provisions, much less relied on them as an integral part of the bargained-for exchange." (Defs.' Resp. 6.)

Notwithstanding Defendants' assertions, the "knowing and voluntary" requirement has been reduced to an objective inquiry in which the Court draws an inference from "the objective circumstances surrounding the signing of the contract." K.M.C. Co., 757 F.2d at 757. Courts use a four-factor test to guide this objective inquiry, focusing on "(1) whether there was a gross disparity in bargaining power between the parties; (2) the business or professional experience of the party opposing the waiver; (3) whether the opposing party had an opportunity to negotiate contract terms; (4) whether the clause containing the waiver was inconspicuous." In re S. Indust., 266 B.R. at 830-31 (citations omitted). In this case, the first three factors clearly favor an inference that the waiver was knowing and voluntary. All parties involved are sophisticated commercial entities. There is no suggestion in the record that they did not engage in arm's length negotiations or that there was a "gross disparity" in bargaining power between them. Finally, although it is true that Plaintiff drafted the Lease Agreement and Loan and Security Agreement, Defendants have not put forth

any evidence showing that they did not have the opportunity to negotiate.

As to the fourth factor, the fact that the waiver provisions were included in form agreements is not, by itself, determinative.  The jury waiver provisions in both of the agreements are set in an all-capital typeface.  They are distinct within the text of the relatively short agreements. The objective factors therefore indicate that Defendants knowingly and voluntarily waived their right to a jury trial. Further, any evidence of Defendants' subjective understanding of the agreements is "insufficient to overcome an inference from the objective circumstances surrounding the signing of the contract that the waiver was in fact knowing and voluntary." K.M.C. Co., 757 F.2d at 757.

In the Sixth Circuit, the party seeking to avoid an express contractual jury waiver provision has the burden of proving that its consent to the provision was not knowing and voluntary. K.M.C. Co., 757 F.2d at 758.  In this case, Defendants have not made a sufficient showing to meet this burden.  The Court therefore rejects Defendants' argument.

### b. Plaintiff's Right to Enforce the Jury Waiver Provisions

Defendants assert, "[e]ven after the Court raised the issue sua sponte in connection with the entry of the Scheduling Order, [Plaintiff] not only failed to assert any contractual waiver, it

7

consented to a trial by jury." (Defs.' Resp. 6) Defendants do not indicate how, other than by failing to assert the contractual waiver earlier, the Plaintiff consented to a trial by jury. The Court assumes that Defendants contend that the Plaintiff's submission of the Proposed Scheduling Order to the Court and its subsequent failure to respond to the Magistrate Judge's judicial assistant's email constitute consent to a trial by jury.

For a party's conduct to constitute a waiver of a contractual right, that party's "acts or course of conduct must be clear, unequivocal and decisive acts of the party or an act which shows determination not to have the benefit intended . . . ." Med. Educ. Assistance Corp. v. Tenn. ex rel E. Tenn. State Univ. Quillen Coll. of Med., 19 S.W.3d 803, 817 (Tenn. Ct. App. 1999) (citing Knoxville Rod & Bearing, Inc. v. Bettis, 672 S.W.2d 203, 207 (Tenn. Ct. App. 1983)); see also Tenn. Div. of the United Daughters of the Confederacy v. Vanderbilt Univ., 174 S.W.3d 98, 115-16 (Tenn. Ct. App. 2005) (holding that by complying with the terms of a contract when a condition precedent to that contract has not been met, a party waives its right to enforcement of that condition precedent). With regard to the Scheduling Order that indicated a jury trial, Plaintiff filed its Motion to Strike Defendants' Jury Demand on February 5, 2010, sixteen days after the Magistrate Judge entered the

Scheduling Order.  Therefore, Plaintiff's Motion to Strike constitutes a timely objection to the order under Federal Rule of Civil Procedure 72.[3]

Moreover, Plaintiff's forwarding the proposed Scheduling Order to the Magistrate Judge and its failing to respond to emails regarding the Scheduling Order do not constitute consent to a jury trial.  Plaintiff had not requested a jury trial in its Complaint, Defendants had not yet filed their Answer requesting a jury trial, and entering a scheduling order that indicates a trial by jury is not a recognized method of requesting a jury trial under Federal Rule of Civil Procedure 38.  Under these circumstances, Plaintiff's actions in relation to the Scheduling Order were not a "clear, unequivocal, decisive" act signaling its intent not to claim the benefits of the waiver provisions.  Med. Educ. Assistance Corp., 19 S.W.3d at 817.

Defendants did not formally demand a jury trial and thus breach the contracts until they filed their Answer.  See Fed. R. Civ. P. 38(b).  Even if Defendants' emails signaling their intent to request a jury trial and their Proposed Scheduling Order indicating a jury trial constituted an "anticipatory

---

[3] Under Federal Rule of Civil Procedure 72, parties have fourteen days to appeal a Magistrate Judge's order on nondispositive pretrial matters. When applied in conjunction with Federal Rule of Civil Procedure 6(a) and (d) (adding three days), the parties effectively have seventeen days to appeal or object.

breach" of the jury waiver provision that put Plaintiff on notice of the breach before Defendants filed their Answer, Plaintiff's Motion to Strike was nonetheless a timely objection to the breach.  When one party to a contract believes that another party has committed an anticipatory breach, the non-breaching party is entitled to "await the time for performance of the contract" and assert its rights "after that time has arrived."  UT Med. Group v. Vogt, 235 S.W.3d 110, 120 (Tenn. 2007).  In this case, the time for Defendants' performance under the jury waiver provisions was the time of filing of Defendants' Answer, their opportunity to request a jury trial.  Therefore, Plaintiff was entitled to wait until after that time to assert its rights under those provisions.

Plaintiff had no obligation to assert the contractual waiver until Defendants had filed their Answer.  Therefore, Plaintiff's silence leading up to and at the time of the entry of the Scheduling Order was not "unequivocal[ly]" inconsistent with claiming its rights under the jury waiver provisions. See Med. Educ. Assistance Corp., 19 S.W.3d at 817.  Plaintiff's Motion to Strike is a timely objection to both the Scheduling Order and Defendants' jury demand in their Answer.

Defendants further argue that the court's reasoning in Sewell v. Jefferson County Fiscal Court, 863 F.2d 461 (6th Cir. 1998), that a plaintiff had relinquished its right to a trial by

jury by consenting to an order setting the case "for a trial before the court," should apply in the reverse to defeat Plaintiff's seeking to avoid a trial by jury when it has consented to such a trial. Id. at 464-66.  The holding in Sewell, however, relates to the constitutional standard for waiver of the jury trial right, not to Tennessee contract law. Further, the plaintiff's "consent" in Sewell consisted of waiting nearly four months to object to the scheduling order, not the sixteen days — an amount of time deemed appropriate for objecting under Federal Rules of Civil Procedure 72 and 6(a) and (d) — that Plaintiff waited here.

Despite the developed state of the law in Tennessee regarding waiver of contractual rights, Defendants cite RDO Financial Services Co. v. Powell, 191 F. Supp. 2d 811, 814 (N.D. Tex. 2002) for the proposition that a party "relinquish(es) [the] right to enforce jury waiver by stipulating to trial by jury and otherwise acting inconsistent with enforcement of jury waiver." (Defs' Resp. 6.)  RDO is distinguishable because the waiver in that case was governed by Texas, not Tennessee, contract law.  Moreover, the party seeking to enforce the waiver in RDO was far less diligent than Plaintiff here and there was "evident" prejudice to the jury-seeking party that Defendants have not demonstrated in this case.  See RDO, 191 F. Supp. 2d at 814.  The Court rejects Defendants' argument.

### c. Scope of Waiver with Respect to Defendants' Counterclaims Against Plaintiff

Defendants contend that even if the jury waiver provisions in the Lease Agreement and Loan and Security Agreement are enforceable, those provisions do not apply to Defendants' counterclaims against Plaintiff that arise in tort.  To this end, Defendants argue that the provisions at issue "merely purport to waive a jury trial with respect to jury claims 'arising under'" the Lease Agreement and Loan and Security Agreement.  (Defs.' Resp. 7.)  The waiver provisions do not explicitly contain an "arising under" limitation.  They read: "[the parties] EXPRESSLY WAIVE ALL RIGHT AND CLAIM TO A TRIAL BY JURY." (Defs.' Resp. A-B.)  Additionally, Plaintiff has not addressed this issue in its briefing.  The Court declines to consider this issue on the present submissions.

### d. Applicability of the Jury Waiver Provisions to Claims Against Third Parties

It does not appear that Plaintiff has moved to strike Defendants' jury demand with respect to their claims against third parties, notwithstanding Defendants' addressing that issue in their Response in Opposition.  As such, the issue is not properly before the Court at this time, and the Court declines to decide it.

**e.  Whether the Court Should Try Any Issues with an Advisory Jury**

Defendants correctly assert that the Court may empanel an advisory jury pursuant to Federal Rule of Civil Procedure 39(c) to hear claims for which there is no jury trial right. Defendants have not articulated why the Court should do so in this instance.  The Court declines to consider the issue at this time.

**III. Conclusion**

For the foregoing reasons, Plaintiff's Motion to Strike Jury Demand is GRANTED.

IT IS SO ORDERED this 6th day of July, 2010.

/s/ Jon P. McCalla_____
JON P. McCALLA
CHIEF U.S. DISTRICT JUDGE